UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRANCE SWANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:15-cv-0329-TWP-MJD |
| | ) |
| ROBERT J. HILL, CHIEF PUBLIC | ) |
| DEFENDER; LINDA G. NICHOLSON, | ) |
| PUBLIC DEFENDER, | ) |
| | ) |
| Defendants. | ) |

**Entry Dismissing Complaint**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] **is granted.** The assessment of even a partial filing fee is not feasible at this time.

**II.**

This is a civil rights complaint brought by plaintiff, Terrance Swann, a state prisoner, against defendants Robert Hill and Linda Nicholson. Hill and Nicholson are both Indiana public defenders.

Mr. Swann alleges that his civil rights were violated when Nicholson moved to withdraw as his counsel because the petition for post-conviction relief had no merit. More specifically, Mr. Swann alleges that Nicholson failed to adequately represent him in a petition for post-conviction relief before the trial court.

Because Mr. Swann is a "prisoner" as defined by 28 U.S.C. § 1915(h), this court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or

seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Swann are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), and the court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

Mr. Swann's claims are brought pursuant to 42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Kramer v. Village of North Fond du Lac,* 384 F.3d 856, 861 (7th Cir. 2004). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic,* 313 U.S. 299, 326 (1941). Mr. Swann's allegations that Nicholson failed to adequately represent him in a petition for post-conviction relief does not suggest the presence of action taken under color of state law. On the contrary, under authority established for more than a generation, the defendant did not act under color of state law when

representing Mr. Swann in the criminal proceeding, whether the defendant was privately retained or paid by public funds. *See Polk County v. Dodson,* 454 U.S. 312, 324 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); *Russell v. Millsap,* 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does not act under color of state law).

Because there was no action "under color of state law" when Nicholson represented Mr. Swann in an Indiana state court, there is no viable claim for relief pursuant to 42 U.S.C. § 1983.

Further there are no specific allegations made against Chief Public Defender Robert J. Hill. *Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.").

Because there was no action "under color of state law" when the defendant represented the plaintiff in an Indiana state court, there is no viable claim for relief pursuant to 42 U.S.C. § 1983. The complaint fails to state a claim upon which relief may be granted. Dismissal of the action pursuant to 28 U.S.C. § 1915A is now mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 3/4/2015

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Terrance Swann, #956680
Westville Correctional Facility
Inmate Mail/Parcels
5501 South 1100 West
Westville, Indiana 46391